# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA

Anthony Mays
        Plaintiff

vs.                                          Case No. 2:05cv992-D

Alabama Department of
Corrections & Willie
Thomas, et al
            Defendants

## MEMORANDUM IN SUPPORT

Comes Now, Anthony Mays, hereinafter named, the Plaintiff, and without the benefit of counsel, moves this Honorable Court. Pursuant to Federal Rules of Civil Procedures submits this memorandum in support of the 1983 civil complaint. In Support thereof, Plaintiff will show this Court as follow:

That the Defendants herein named of the Alabama Department of Corrections have violated Plaintiff first and fourteenth Amendment to the United States Constitution. Plaintiff would thus show that Plaintiffs have denied him his right to religion and Equal Protection Clause.

The First Amendment to the United States Constitution Guaran-
tees, the right to freely practice religion. The First Amendment
was made applicable to the states in 1867. See Murdock v.
Com. of Pennsylvana, 319 US 105, 108, 63 S. Ct. 2870, 87 L. Ed 1292,
146 A.L.R. 81 (1843). The First Amendment to the states by reasons
of the Fourteenth Amendment. . . . Prohibits governments from
making a law prohibiting the free exercise of religion.
In Cruz v. Beto 405 US 319, 92 S. Ct. 1079, 31 L. Ed. 2d 263 (1972)
clearly establishes that the free exercise of religion is among
those rights retained by the incarcerated. The defendants herein
have deprived the Plaintiff to exercise and established religion.
It is well established that courts are regularly called on to
make a judgment on the rights of prisoners and particularly
regarding one's religion. After all a prisoner is cut off from
the outside world and the opportunities it offers largely unin-
hibited religious expression. A free world person harly has
to ask permission to wear a religious medal our grow long
hair as an expression of his or her faith. Nor is a civilian
prevented by the state from attending religious services
or meeting privately with a religious advisor. However, in a
penal enviriornment, none of these practices can be taken for
Granted; they all depend on the acquiescence of the persons
who are in charge of the prison. Moreover prison officials
who are charged with responsibility for maintaining order and

safety in the prison and have to do so with limited budgets, often express concern that granting these dispensations in the controlled atmosphere of a prison will severly compromise these paramount concerns.

The Supreme Court held that every prisoner is entitled to "a reasonable opportunity of pursueing his faith comparable to the opportunity afforded fellow prisoners who adhere to conventional religious precepts. Crut v. Beta. So far the argument has centered on the first Amendment and the free exercise of religion. The first Amendment also contains the separate and distinct Establishment Clause. To comply with the Establishment Clause, the Government normally must be neutral in religious matters and cannot prefer one religion over another or religion over non-religion. In the present case the defendant's have deprived Plaintiff and other prisoners to practice the Shetaut Neter faith while allowing other religions at E.C.C. chaplain time. (see exhibit #3). In order for inmates to practice their religion, they necessarily have to rely, to a significant extent on institutional officials help.

There is a Constitutional right to practice religion in prison, no matter what standard is used to analyze a claim that this right has been violated, the first prerequisite for the exercise of the

right is, of course, that the Prisoner be a sincere adherent of a religious Persuasion. Here Plaintiff have attempted every means known to him to change his religion from Muslim to Shetaut Neter. Neterian Religion is and religion and it has been Practice since the time of Ancient Kemet (Ancient Egypt 10,000 B.C.E) The faith is followed Globally. In the United States there is a system of Unit (ministers who are headed by supervising Priests and Priestesses. The Temple of Shetaut Neter is an established church with tax exempt status and is recognized by the I.R.S. as a tax exempt church (Tax #65-0696697. The Temple is located at P. O. Box 218, Opp. Ala. 36467 / (334) 493-8968.

This Plaintiff also was seeking to exercise his religious diet that have been completely ignored by Defendant's. The right to a religious diet has been the source of much litigation over the years. The reason for this is that a number of religious requirements to follow a rigid dietary code, which Prisons often do not honor. Perhaps the most familiar dietary requirements involve the Jewish and Muslim faith. A Kosher diet is a firm mandate of Orthodox Judaism; Muslims also must sustain from eating Pork. Other lesser known religious also have dietary laws that inmates are not able to follow if they are limited to standard Prison fare. LaFevers v. Saffle 936 F.2d 1117 (10th Cir. 1991).

It is also well established that Religious Services are the hall-mark of most religions and Defendant's have deprived Plaintiff of tempoary Chaplain time (see exhibit #4) until a decision was made. Group religious rites are an opportunity for like-minded adherents of a faith to come together on a regular basis and with clergy present and officiating express their commitment to the tenets of their faith. Termunde v. Cook, 684 F. Supp. 255, 261 (D. Utah 1988). In the present context, religious services atleast for conventional religious and for prisoners in the General Population have long been encourage in part in recognition of the value of religion in rehabilitating prisoners in part in keeping with historic religious roots of American Prisons and in part because officials have long acknowledged that regular religious services can actually enhance the security of an institution. Plaintiff and other prisoners at Elmore Correctional Facility (See Exhibit #5) asks Defendant's to change religions and practice and establish religion. Early prison cases clearly establish a broad right of prisoners in the General Population to attend Group religious services. Lawson v. Dugger 840 F. 2d 781.786 (11th Cir. 1987).

# In Conclusion

Several General Principles Guide this Courts consideration of the issue's Presented here. First "convicted Prisoners do not forfeit all constitutional Protections by reason of their conviction and confinement. in Prison. Bell v. Wolfish, 441 US 520, 545 60 L.Ed.2d 447, 99 S.Ct. 1861 (1979); See Turner v. Safley, ante at 84, 96 L.Ed.2d 614, 107 S.Ct. 2254; Jones v. North Carolina Prisoners Labor Union, Inc. 433 US 119, 129, 53 L.Ed.2d 629, 97 S.Ct. 2532 (1977). Inmates clearly retain Protection afforded by the First Amendment. Pell v. Procunier 417 US 817, 822, 41 L.Ed.2d 495, 94 S.Ct. 2800, 71 Ohio Ops 2d 197 (1978). Including its directive that no law shall Prohibit the free exercise of religion. Cruz v. Beto 405 US 369, 31 L.Ed.2d 263, 92 S.Ct. 1079 (1972) (Per curiam). Second lawful incarceration brings about the necessary withdrawal or limitation of many Privileges and rights a retraction Justified by the considerations underlying our Penal System. Price v. Johnson, 334 US 266, 285, 92 L.Ed. 1356, 68 S.Ct. 1049 (1948). The limitations on the exercise of constitutional rights arise both from the fact of incarceration and from valid Penological objectives including deterence of crime, rehabilitation of Prisoners and institutional security.

The Defendants herein named have violated Plaintiff's First Amendment to the free exercise of religion and equal protection Clause of the Fourteenth Amendment to the United States Constitution. Likewise it is true that Defendants have not afforded Plaintiff any degree of reasonableness in its decision making. To deny the opportunity to practice and established religion may extinguish and inmates last source of hope for dignity and redemption.

Rights Constitutional and otherwise do not exist in a vacuum. Our legal system concept of damages reflects this case and view of legal rights. The cardinal principle of Damages in Anglo-American law is that of compensation for the Injury caused to Plaintiff by defendants.

## VERIFICATION FOR CIVIL COMPLIANT £ 1983

I hereby declare (or certify, verify, or declare) under the Penalty of Perjury that the statement herein contained are true to the best of my knowledge and belief.

_Anthony Mays_
Plaintiff Pro-se

Dated this 12 day of _OCT._ 2005