IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

ANTHONY MAYS, #190 493    *

    Plaintiff,    *

v.    *  CIVIL ACTION NO. 2:05-CV-992-D
                            (WO)
ALABAMA DEPARTMENT OF    *
CORRECTIONS, *et al.*,
        *
    Defendants.

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Elmore Correctional Facility located in Elmore, Alabama, files this 42 U.S.C. § 1983 complaining that Defendants are violating his right to practice his religion. Named as defendants are the Alabama Department of Corrections, Andrew Redd, Director Thomas Flowers, Warden Willie Thomas, Chaplain Thomas Woodfin, and Chaplain Supervisor Steve Walker. Upon review of the complaint, the court concludes that dismissal of Plaintiff's claims against the Alabama Department of Corrections and Andrew Redd prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I. DISCUSSION

*1. The Alabama Department of Corrections*

The Alabama Department of Corrections is not subject to suit or liability under § 1983. The Eleventh Amendment bars suit directly against a state or its agencies, regardless of the nature of relief sought. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984). In light of the foregoing, the court concludes that Plaintiff's claims against the Alabama Department of Corrections are due to be dismissed. *Id.*

*2. Andrew Redd*

Andrew Redd previously served as General Counsel for the Alabama Department of Corrections. In this capacity, it is clear to the court that this individual had no personal responsibility or involvement with respect to the claims presented in the instant complaint. Accordingly, Mr. Redd is due to be dismissed as a party to this action.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's claims against the Alabama Department of Corrections and Andrew Reed be DISMISSED with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B), and that these parties be DISMISSED as defendants to this complaint. It is further the Recommendation of the Magistrate Judge that this case with respect to the remaining defendants be referred back to the undersigned for additional proceedings.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before November 21, 2005. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 10th day of November 2005.

                                       **/s/ Delores R. Boyd**
                                       DELORES R. BOYD
                                       UNITED STATES MAGISTRATE JUDGE