IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

```
ANTHONY MAYS, #190493,          )
                                )
          Plaintiff,            )
                                )
vs.                             )   CIVIL ACTION NO.
                                )   2:05-CV-992-D
                                )        (WO)
ALABAMA DEPARTMENT              )
OF CORRECTIONS, et al.,         )
                                )
          Defendants.           )
```

## SPECIAL REPORT

Come now the Alabama Department of Corrections Defendants, by and through the undersigned counsel in the above styled action, and file this Special Report as follows:

## PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that his constitutional rights have been violated, specifically his right to freely practice his religion and unfair treatment as compared to other religions.

## DEFENSES

Defendants allege that the Plaintiff has failed to state a claim upon which relief can be granted.

Defendants allege that the Plaintiff has failed to state a claim under which a 42 U.S.C. 8 1983 action can be maintained.

Defendants deny that they have violated the Plaintiff's constitutional rights and demand the strict proof thereof.

Defendants plead the general defense.

Defendants allege that they are entitled to qualified immunity against the claims of the Plaintiff.

Defendants allege that they are entitled to absolute immunity against the claims of the Plaintiff.

Defendants allege that at least part of the Plaintiff's claim is based upon respondent superior and cannot be maintained under 42 U.S.C. 8 1983.

Defendants reserve the right to amend their defenses, including additional affirmative defenses, upon receipt of information through discovery and otherwise.

## DEFENDANTS

Steve Walker,

Thomas Woodfin, Chaplin

Willie Thomas, Warden

## STATEMENT OF FACTS

Inmate Mays made a request for religious assistance to the Chaplin at the Elmore Correctional Facility, Thomas Woodfin. Mays requested the establishment of at the facility of a religious faith called shetaut neter. This was an unknown religious faith to Chaplin Woodfin. Pursuant to the ADOC Administrative Regulation 333, inmate religious request such as this one are set on the agenda of the Religious Activities Review Committee. This committee

meets approximately quarterly. Inmate Mays request is now before that committee and the committee is trying to gather all available information on this religious faith before its makes a recommendation. Inmate Mays submitted some information a Temple of Shetaut Neter here in Alabama with his request but as of yet no one has been able to make contact with anyone from that Temple. Inmate Mays also submitted a list of names that he claims want to be members of that religious faith but some of the inmate listed are no longer at Elmore and some of the inmates listed say that they did not know what they were signing.

## ARGUMENT

First, the law is well established that Inmate Mays can practice whatever religious faith he wants and ADOC has not done anything to hinder Inmate Mays' practice of his religious faith. Before a decision as to whether to grant Inmate Mays' request can be made, information must be obtained as to such things as the specific religious practices of the faith, the numbers of inmates wishing to participate in the practices, the activities of the faith, religious items, special diets, etc. This information is currently being reviewed by the Religious Activities Committee so that a recommendation can be made. Considerations of order, safety, availability, and resources are of the utmost importance.

Since a decision has not been made as to whether or not to grant Inmate Mays' request, this action is premature. The

Defendants argue that this action should be dismissed without prejudice so that if ADOC refuses Inmate Mays request, he can refile.

In the present case, Plaintiff has not shown and can not show a "substantial burden" in his personal practice of this religion. The Plaintiff has, therefore, failed to demonstrate that his ability to freely exercise his religion.

Wherefore the premises considered, Defendants request that this action be dismissed without prejudice.

                            Respectfully submitted,

                            Kim T. Thomas
                            General Counsel
                            Assistant Attorney General

                            /s/Albert S. Butler
                            Albert S. Butler
                            Assistant General Counsel
                            Assistant Attorney General

**ADDRESS OF COUNSEL**:
Alabama Department of Corrections
Legal Division
301 South Union Street
PO Box 301501
Montgomery, Alabama 36130-1501
(334) 353-3885

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing documents upon

<u>Inmate: Anthony Mays</u> AIS #190493
Elmore Correctional Facility
P. O. Box 8
Elmore, Alabama 36025

by placing a copy of said documents in the U.S. Mail, postage prepaid on this the 19th day of December, 2005.

/s/Albert S. Butler
Albert S. Butler
Assistant General Counsel