IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2006 JAN 20  A 9:32

Anthony Mays #190493, )
    Plaintiff, )
)
vs. )
) CIVIL ACTION NO.
) 2:05-CV-992-D
ALABAMA DEPARTMENT ) (wo)
OF CORRECTIONS, et al., )
    Defendants. )

## RESPONSE TO DEFENDANTS SPECIAL REPORT

Come Now, the Plaintiff, Anthony Mays, without the benefit of counsel in the above styled action and files this response to Defendant's special report. In Support thereof, Plaintiff's response a affidavits.

## DEFENDANT'S ALLEGATIONS

Defendant's alleges that this cause should be dismissed without prejudice as being pre-mature and the following:

- Until a decision is made by ADOC and Defendants refuses the request to change religions;

- Plaintiff has failed to state a claim under which a 42 U.S.C 1983 action can be maintained:
- Defendant's are entitled to absolute immunity against the claims of the Plaintiff.

## DEFENSES

Plaintiff alleges that he has raised a claim upon which relief can be granted and Defendant's defenses of the claim be Pre-mature is mute:

Plaintiff alleges that he has a "liberty interest" to practice the religion Shetaut Neter under the First and Fourteenth Amendment to the United States Constitution.

Plaintiff alleges is a Genuine issue of Federal violation and Defendant does not have immunity.

## STATEMENT OF FACTS

Inmate Mays is a Prisoner of the Alabama Penal system and made a request at the Elmore Correctional Facility, asking to change his religion from Muslim to Shetuat Neter. The defendant Thomas Woodfin is the chaplin at E.C.C., and being that this was an unknown religion not carried in the Administrative Regulations 333

and therefore Defendants Woodfin and Thomas referred the matter to the Religious Activities Committee for review. The Plaintiff asked that he be allowed temporary class time until the Committee made a decision. This request was denied by Woodfin and Pliantiff has been denied any form to practice this religion as to this date. Plaintiff also submitted a list of names of prisoners here at E.C.C that would participate in this religion. Many of these prisoners has either transferred, EOC or paroled and Defendant Woodfin misconstrued his verbal endeavor to these prisoners as so much all was willing to participate in the religion but not change religions.

## ARGUMENT

The law is well established that Plaintiff can practice any religion and he also has an absolute "liberty interest" to exercise that religion while in prison. The word "liberty" in a legal sense includes the right to worship God according to the dictates of one's preference. Plaintiff's allegations has real substance and embraces a violation of his first and Fourteenth Amendment to the United States Constitution. Plaintiff has shown that his liberty interest is being deprived by Defendants refusal to make a decision into this Constitutional matter.

Religious freedom within the Constitution (First Amendment) embraces not only the right to worship God according to the

dictates of one's conscience, but also the right to do, or forbear to do, any act, for conscience sake, the doing or forbearing of which is not inimical to the peace, good order and morals of society.

Plaintiff has a "liberty" interest to practice the religion of Shetaut Neter at the Elmore Correctional Facility under the Free Exercise Clause. Defendant's has failed to make any manner of a decision solely for the religion is a non-christain denomination. Defendant's has deprived the Plaintiff his interest to practice this religion when Defendant's counsel have provided this Court with evidentiary material clearly showing that this is an well establish religion and Plaintiff can practicipate in this religion, including material, tapes, diets, etc. If the position implies that prisoners are wholly without the protections of the Constitution and the Due Process Clause, it is plainly untenable.

Defendant's have caused a "substantial burden" depriving the Plaintiff his entitled right under the Constitution and the liberty given to others. The Supreme Court have previously ruled in favor of three Ohio prisoners (see attached hereto) allowing them to practice a religion consistent with the worship of Satan.

Prisoners does not shed his basic constitutional right at the prison gate and to deprive Plaintiff to practice the religion of Shetaut Neter, a well established religion is violation of the First and Fourteenth Amendment to the United States Constitution, and maintained under 42 U.S.C. § 1983.

We close addressing whether defendant's be entitled to immunity and are liable under 1983. This argument raised by counsel is a mute point, when today's courts declares that immunity is unavailable to state employee's who exercise the most palable form of state police power and may be sued individually for acting "under color of state law". The cardinal principle of damages is that of compensation for the injury or mental anguish caused by Defendant's breach of duty. The defendant's were to function as adjudicators in this case and choose not to, nor have defendants allowed Plaintiff to practice this religion Shetaut Neter here in Elmore Correctional Facility in violation of his free expression of religion, causing a heavy burden reflecting distress that is a personal injury familiar to the law, customary proved by showing the nature and circumstances of the wrong.

To be held liable for punitive damages, a defendant, as here, need not have acted with a malicious intent to harm Plaintiff. [R]eckless or callous indifference to a federal protected right of others, as well as an evil motive to not allow Plaintiff to practice this well established religion.

In the present case, Plaintiff has shown a "substantial burden in depriveing him to practice this religion.

WHEREFORE, these premises considered, Plaintiff prays that this Honorable Court would set this case for evidentiary hearing, trial or grant the moving party Judgment as a matter of law.

Respectfully Submitted

Anthony Mays - Pro-se

_____
Anthony Mays

Anthony Mays #190493
Elmore Corr. Facility
Post Office Box 8
Elmore, Alabama 36025

## CERTIFICATE OF SERVICES

I hereby certify that I have served a copy of the foregoing documents upon

Address of Counsel
Alabama Depart. of Corrections
Legal Division
301 South Union Street
P.O. Box 301501
Montgomery, Alabama 36130-1501

by placing a copy of said documents in the U.S. mail, postage prepaid on this __19__ day of __January__ 2006

_Anthony Mays_
Anthony Mays

# High court says witch, Satanist have rights in prison

**By GINA HOLLAND**
THE ASSOCIATED PRESS

WASHINGTON — The Supreme Court sided with a witch, a Satanist and a racial separatist Tuesday, upholding a federal law requiring state prisons to accommodate the religious affiliations of inmates.

The three Ohio prisoners and others sued under the 2000 federal law, claiming they were denied access to religious literature and ceremonial items and denied time to worship.

The law says states that receive federal money must accommodate prisoners' religious beliefs, with such things as special haircuts or meals, unless wardens can show that the government has a compelling reason not to.

The court's unanimous ruling addressed a narrow issue: whether the law as written is an unconstitutional government promotion of religion. It is not, justices decided, leaving the door open to future legal challenges on other grounds.

"Religion plays a vital role in rehabilitation," said Derek Gaubatz, director of litigation for The Becket Fund for Religious Liberty, a religious liberty law firm that represents inmates.

Many states have contested the law on grounds that inmate requests could make it harder to manage prisons, and the court appeared concerned as well.

The law "does not elevate accommodation of religious observances over an institution's need to maintain order and safety," Justice Ruth Bader Ginsburg said from the bench in announcing the decision.

Ginsburg said judges who handle inmate cases should give deference to prison administrators.

"I think this was a net win for the prisons," said Marci Hamilton, a church-state scholar at Cardoza School of Law.

Douglas Cole, Ohio's solicitor, said that the ruling could inspire more inmate demands. However, he said, "we're encouraged that the court recognized that these inmate religious practices can pose significant safety concerns for prison administrators."

Catch the news in the Birmingham Post-Herald

WEB

http://www.postherald.com


Clog Free Gutters
$350 OFF
Plus 12 months same as cash
(with approved credit)
ABACON GUTTERS
Clog Free - Guaranteed!
(205) 655-0348 or toll free 888-801-0348